FILED
·SUPERIOR COURT
OF GUAM

2014 AUG -7 PM 12: 05

CLERK OF COURT
BY:_____



## IN THE SUPERIOR COURT
## OF GUAM

IN THE MATTER OF THE ESTATE )     PROBATE CASE No. PR0056-13
                             )
          of             )
                             )     **DECISION AND ORDER**
PETER ANTHONY BLAS SABLAN    )
                             )
        Deceased.       )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 4, 2014. Petitioner Ana B. Wusstig was represented by attorney Jeffrey A. Cook. Peter S. N. Sablan appeared *pro se*. After considering the matters presented, the Court now issues the following decision, ordering the payment of $498.69 in property taxes to decedent's father Peter S. N. Sablan and otherwise approving the petition for final distribution.

## BACKGROUND

The Decedent, Peter Anthony Blas Sablan, died on August 31, 2007. The instant actions stem from an April 11, 2013 Petition for Probate of Will and Letters of Administration with Will Annexed. Subsequent to the June 4, 2013 appointment of an administrator and the June 24, 25, and 26, 2013 publication of notice to creditors, Decedent's father, Peter S. N. Sablan, on September 24, 2013, filed a claim against the estate for:

1. $29,950.00 for the early 1993 building of Decedent's home;



2. $493.67 for the September 4, 2007, June 16, 2008 and July 6, 2009, payment of delinquent and current real property taxes; and

3. $500.00 for the August 13, 2013, appraisal of Decedent's real property.

Claim at 1.

On October 29, 2013, a rejection of the father's claim was filed by the Administrator. The rejection asserted that the claim was barred by Guam's Statute of Limitations.

## DISCUSSION

Petitioner has requested that a decree be made for final distribution of the estates. Sections 3009 and 3010 of Title 15 of the Guam Code regulate the filing and consideration of an estate's petition for final distribution. 15 GCA §§ 3009; 3010 (2013). These sections allow that any interested person may resist the final distribution and that the Court may equitably resolve any of the disputed issues. *Id.*

As expressed by the Decedent's father in his September 24, 2013 claim, as well as in his arguments at the hearing, Decedent's father asserts that in early 1993, he and Decedent verbally agreed that the father would build him a one bedroom concrete house to help Decedent settle into an independent life. Claim at 1. The father also asserts that Decedent agreed to begin paying him back, "as much as [Decedent] could afford." *Id.* Regarding this agreement, Decedent's holographic will, after its specific bequests and devises, provides, "I request that my mother make arrangements with my father, Peter S. N. Sablan about payments for the house." Pet. at Ex. B.

Section 11303 of Title 7 of the Guam Code mandates that all actions upon any agreement or contract, obligation or liability be commenced within four years from the date the agreement is breached or an obligation is due. 7 GCA §11303 (2013). Under terms of the

agreement, as asserted by Decedent's father, there are no facts to support a finding as to: the amount of the obligation, its specific amount, any enforceable terms of payment, or when those payments were due. Viewed in the most lenient light, Decedent's obligation became due at his death, on August 31, 2007, some 14 years after the debt was incurred. If so viewed, under the mandates of Section 11303, any claim by the father must have been brought on or before August 31, 2011. Accordingly while the Court recognizes the Decedent's acknowledges his moral obligation to repay his father for the benefit, it is unable to identify any specific facts sufficient to support any legal grounds to require that the Decedent's estate reimburse the father's claim for the house.

As to the father's claim for reimbursement for appraisal costs, the father makes no assertions that the Decedent's estate requested or benefited from the appraisal. Absent this or some specific assertions of an enforceable agreement between the Decedent's estate and the father, the Court is unable, in law or equity to support a finding mandating reimbursement.

However, as to father's claim for reimbursement for the father's payment of delinquent and past real property taxes the Court finds that sufficient facts have been asserted to support a finding that the doctrine of equitable estoppel requires reimbursement. see *Guam Resorts, Inc. v. G.C. Corporation*, 2013 Guam 18 ¶ 61.

//

//

## CONCLUSION

For the reasons set forth above paragraph three of the prayer in the petition for final distribution shall be amended to include the payment of $498.69 to decedent's father Peter S. N. Sablan. Subject to this amendment Petitioner's request for final distribution is GRANTED.

SO ORDERED, this ___7th___ day of ___August___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam